'ELLIS *v.* SUTTON *et al.*

[84 South. 909, In Banc. No. 21309.]

APPEAL AND ERROR. *Limitation of time within which appeal bond should be filed held not waived.*

The limitation provided by section 35, Code 1906 (Hemingway's Code, section 10), on the time in which appeal bonds in interlocutory appeals must be given is not waived by an agreement between counsel that the appeal bond need not be filed, and that the issuance of execution on the decree should await the final determination of the cause, nor is the appellee estopped thereby from pleading the limitation, when he afterwards has an execution issued in violation of the agreement.

APPEAL from the chancery court of Harrison county.
HON. D. M. RUSSELL, chancellor.

Suit by I. N. Ellis against Mack Sutton and others. From an interlocutory decree rendered in vacation, dissolving a temporary injunction and awarding defendants damages for the wrongful suing out of the injunction, plaintiff appeals. Appeal dismissed.

*R. H. Thompson,* for appellant.

We read, in 2 Encyclopædia Pleadings & Practice, p. 246, the following: "Estoppel. The general principle that a party cannot take advantage of his own wrong applies to appellate procedure, and where the appellant fails to take an appeal within the statutory period, relying on the express agreement of the appellee, or is prevented by his misconduct, the appellee cannot rely upon such failure to have the appeal dismissed." The following authorities are cited in support of the quoted text: *Pace* v. *Picklin,* 76 Va. 297; *Thomas* v. *Littlefield,* 1 Ind. 361; *State* v. *Delano,* 37 Ind. 249; *Brooks* v. *Harris,* 42 Ind. 177; *Smythe* v. *Boswell,* 177; Ind. 365; *Boswell,* 117 Ind. 599; *Cook* v. *McDonnell,* 70 Wis. 329.

We know many courts have been extremely technical in matters of appellate procedure and have advanced ingenious so-called reasons in support of harsh decisions rigidly adhering to and enforcing rules of procedure seemingly desirous to rid the courts of cases rather than to award justice, but it must be remembered that in the past the courts were rigid in the enforcement, of technical rules of procedure other than appellate procedure. That they are now more liberal and seek to do justice between the parties to a suit even where it becomes necessary to depart from the old conception that procedure was of equal if not of more importance than justice.

Whatever can be said in praise, defense or justification of the present tendency of the courts to disregard rigid rules of procedure generally is especially applicable to a construction of appellate procedure which enables the courts to administer justice, even where to do so seemingly involves a failure to observe some of its technical rules.

Even if solicitor Magee inadvertently and unintentionally misled Miller, the latter's client should not thereby

be denied any right given him by law. There is no special charm in the thirty days statutory limit now under consideration. It is not jurisdictional in the sense that its expiration, without the bond having been given, deprives this court of any of its power. We see no reason why it is beyond the power of an appellee to waive this time. The time limit was not enacted for the benefit of this court, nor of the court of original jurisdiction of either court. It was intended for the benefit of the litigant in whose favor the interlocutory decree was rendered, to prevent him if a complainant, from being unduly delayed, in the prosecution of his suit, or, if a defendant, in the maintenance of his defense. If it were intended alone for the benefit of an appellee, why can he not enlarge or waive the statutory time limit?

*Magee & Gibson,* for appellee.

Section 9 of Hemingway's Code reads as follows: "When a demurrer shall be overruled in a chancery court, or by the chancellor in vacation, the party demurring may appeal to the supreme court, without being first compelled to answer; and, if the decree be affirmed, the cause shall be remanded, to be proceeded with according to the practice of the court; but such appeal must be applied for, and bond given, within ten days after the demurrer is overruled, if in term time, and, if decided in vacation, within thirty days after the decree is filed in the proper office. Such appeal must be allowed by the court or the chancellor but the appeal bond may be approved by the court or chancellor or the clerk."

Section 10 of Hemingway's Code reads as follows: "An appeal may be granted by the chancellor in term time, or in vacation from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when he may think proper in order to settle the principles of the cause, or to avoid

expense and delay, but such appeal shall be applied for within ten days after date of the order or decree complained of; and bond shall be given and approved as in appeals from a decree overruling a demurrer, and the chancellor shall determine whether the appeal shall operates as a *supersedeas* or not."

There can be no argument as to the order in this case being an interlocutory order. "A decree dissolving an injunction and awarding damages on a motion to dissolve is an interlocutory decree." *Wilson* v. *Pugh*, 61 Miss. 449. Section 10. of Hemingway's Code, provides that bond shall be given and approved as in appeals from a decree overruling a demurrer, and section 9 of Hemingway's Code, provides that in case of appeals from a decree overruling demurrer, must be made within ten days, if in term time, and thirty days if made in vacation.

The case at bar was decided in vacation on the 24th, day of September, 1919, but no appeal bond was given as required by law until the 15th day of March, 1920, long after the time prescribed by the law for filing said bond. We say, therefore, that under the decisions of the court based upon the law above quoted, this case must be dismissed, because the bond in the instant case was not filed within the thirty days. "Statutes limiting time for appeals are both mandatory and jurisdictional, and must be strictly complied with." *Turner* v. *Simmons*, 99 Miss. 28.

The case of *Griffin* v. *Bourn et al.*, reported in 109 Miss., at page 360, is decisive of the instant case, and we rely upon that case for the decision sought in this case, and in that case this court held that the bond must be filed within the time required by. law, and in that case the court was passing upon a decree rendered in term time, and surely the same reasoning will apply to the case at bar. The following cases may be of some light to the court: *Sowell* v. *Sowell*, 101 Miss. 623;

*Alexander* v. *Woods,* 103 Miss. 869; *Norris* v. *Burnett,* 108 Miss. 378.

Therefore, we most respectfully submit that the motion to dismiss should be sustained, and this appeal dismissed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from an interlocutory decree rendered in vacation, dissolving a temporary injunction and awarding the appellees damages for the wrongful suing out of the injunction. The appeal was applied for and granted within ten days after the rendition of the decree, but the appeal bond was not filed until more than five months thereafter, and then seemingly only because the appellees were about to have an execution issued for the collection of the damages awarded them on the dissolution of the injunction. The cause now comes on to be heard on a motion by the appellees to dismiss the appeal.

The appellant pleads in bar of this motion that his failure to give this bond within the thirty days required by section 35, Code of 1906 (section 10, Hemingway's Code), was because of a verbal agreement entered into between R. N. Miller, one of his counsel, and G. Wood Magee, of counsel for the appellees, that the appeal was unnecessary, and that no execution would be issued on the decree appealed from until after the cause was finally disposed of, and that by violating this agreement, and thereby causing it to become necessary for him to appeal the case in order to prevent the issuance of the execution, the appellees either waived the limitation of thirty days within which such appeal bonds should be given or are now estopped from pleading such limitation. The making of this agreement is affirmed on oath by Miller, and denied on oath by Magee.

It will be necessary for us to determine only one of the several questions that are presented by this motion, for the reason that, assuming (but only for the sake of the argument) that the agreement sought to be proven by the appellant was in fact made, nevertheless the motion to dismiss the appeal must be sustained. The alleged agreement was not to waive the limitation on the time within which the appeal bond should have been filed, but that it should not be filed at all, and if any estoppel can arise because thereof, as to which we express no opinion, it can apply only to the appellees' right to have an execution issued, for the appellant's complaint can only be that, by relying on the promise of counsel for the appellee not to have an execution issued, he allowed his right of appeal to lapse.

*Sustained.*